CHARLES L. HILL, DEFENDANT IN ERROR, v. CHARLES POMELEAR, PLAINTIFF IN ERROR.

Argued June 23, 1905—Decided March 5, 1906.

In an action by a husband for criminal conversation, the plaintiff is a competent witness to prove the fact of marriage. The statute (*Revision; Pamph. L.* 1900, *p.* 363, § 5) recognizes and affirms such competency.

On error to the Supreme Court.

Action by Charles L. Hill against Charles Pomelear for criminal conversation and alienation of affection of plaintiff's wife. Judgment for plaintiff and defendant brings error.

For the plaintiff in error, *Charles C. Babcock* and *Thompson & Cole.*

For the defendant in error, *John W. Wescott* and *Enoch A. Higbee.*

The opinion of the court was delivered by

VREDENBURGH, J. The exceptions presented by the assignment of errors in this record which are principally relied upon in the brief and argument of counsel of the plaintiff in error question the correctness of the instructions of the court to the jury to the effect that the marriage in question might be established by the .mouths of witnesses, and by the testimony of either the husband or the wife, and that if they believe the testimony of the plaintiff they were justified, and, in the absence of contradiction, required to find that the plaintiff was married to this woman. At the trial the plaintiff husband was sworn as a witness in his own behalf, and testified that he was married to the woman on a certain day, at a certain place, by a named minister. No objection to this testimony was made, other than a general one, and no exception to the action of the court in admitting the testimony was either taken or sealed. He also stated, without objection, that after the marriage he had lived with his wife in the State of Ohio for nine or ten years, during which time she had four children.

Unless the husband was disqualified in this action to speak as a witness as to the fact of his marriage his evidence furnished plenary proof thereof, and amply justified the questioned charge. In many cases marriage may be proved, like any other fact, by collateral circumstances from which its existence may be inferred, but in actions for criminal conversation, as also in indictments for bigamy, such proof will not be sufficient; the marriage necessary to be proved must be established by direct evidence of the fact of marriage. Where the question of the sufficiency of evidence of marriage has arisen in other actions, it has been held that such relation may be proved, not only by anyone who witnessed its solemnization, but also in many other modes pointed out by the authorities cited below. *Clark* v. *Clark,* 7 *Dick. Ch. Rep.* 650; *Wallace's Case,* 4 *Id.* 530; *Albertson* v. *Smith, Penn.* *473; *Wilson* v. *Hill,* 2 *Beas.* 143; 2 *Hilly Torts* 593, ¶ 18. It is not important to pursue the subject,

because our recent statute concerning evidence (*Revision; Pamph. L.* 1900, *p.* 363, § 5) makes further reference to authority here unnecessary. That act expressly recognizes and affirms the competency of the husband as a witness in actions for criminal conversation to prove the fact of marriage. The words of this section, in their present materiality, read as follows: "In any trial or inquiry in any suit, action or proceeding in any court, * * * the husband or wife of any person interested therein as a party, or otherwise, shall be competent and compellable to give evidence, the same as other witnesses, on behalf of any party to such suit, action or proceeding; *provided*, that nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action for criminal conversation, *except to prove the fact of marriage.*"

The above assignments of error are therefore without foundation, and as we do not find among the others, after examination, any having substance, the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.

*For reversal*—None.